# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

Civil Action No. 1:13-cv-03463-MSK-CBS

**JASON PRICE, RAYMOND KLOUSER,**
**and BLAKE LITKE, Individually and On**
**Behalf of All Others Similarly Situated,**

      Plaintiffs,

v.

**THE SCOTTS COMPANY LLC and**
**EG SYSTEMS, INC.**

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The issues in the above-captioned litigation ("the Litigation") involve past, current, and prospective confidential financial information and confidential, proprietary, and private internal business and human relations matters. Thus, good cause appearing, it is hereby ORDERED as follows:

**1. Scope of Order.** This Stipulated Protective Order ("the Protective Order") governs the use and handling of documents, electronic information, testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by Defendants, Plaintiffs, or other individuals or entities in pre-trial proceedings in this Litigation. Material produced in this Litigation shall be used only for the purpose of this Litigation, and not for any business or competitive purposes whatsoever. However, information produced in this litigation may be used in other proceedings

brought by Plaintiffs' counsel, Galvin Kennedy and Don Foty, which touch upon the issues in dispute in this Litigation.

    **2.**    **Designation of Confidential Material.**  The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which contains confidential non-public financial, sales, customer, human relations, or commercial information or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material"). The designations will be made by an attorney, and will be designated in conformance with Paragraph 6 of this Protective Order.

    **3.**    **Persons Who May Access Confidential Material.**  Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

    (a)    Parties to this lawsuit;

    (b)    Outside counsel of record for the Parties;

    (c)    In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

    (d)    Outside experts or consultants who are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this case;

    (e)    Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

  (f) The Court, court reporters, videographers, stenographers, and court personnel; and

  (g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

  (h) Any witness in a deposition or during trial.

**4. Application of this Protective Order to Persons With Access to Confidential Material.** Each person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

  (a) Before any person described above in Paragraphs 3(d) is given access to Confidential Material, that person must read and agree in writing to be bound by the provisions of this Protective Order.

  (b) Before any other person described in Paragraphs 3 is shown any Confidential Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

**5. Filing Documents Containing Confidential Material.** In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, such pleading or document and Confidential Material shall be filed under seal, until

such time as the Court orders otherwise, or denies permission to file under seal. The sealed filing shall conform to the rules of the Court governing the filing of sealed material.

      6.      **Production of Documents and Other Material Containing Confidential Material**. The designation of Confidential Material for the purposes of this Protective Order shall be made in the following manner:

      (a)    In the case of documents and written discovery responses, by affixing the legend "Confidential" to each page containing any Confidential Material.

      (b)    In the case of depositions or other pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure. All videotapes of depositions shall be clearly labeled Confidential as appropriate pursuant to this Protective Order.

      (c)    The inadvertent failure to stamp a document as Confidential shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the Confidential material promptly after the omission is discovered, and the receiving Party shall then treat those materials as Confidential Information in accordance with this Protective Order. However, no designation of "Confidential" shall be made at any time after 45 days of production or disclosure of the material or information.

      7.      **Removal of Confidential.** Any Party may object to the designation of any Material as Confidential by giving written notice to the Producing Party that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for

questioning the confidentiality designation. The Objecting and Producing Party shall confer in good faith to resolve any such dispute. If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as Confidential, as originally designated.

**8.     Return or Destruction of Confidential Material.** Within sixty days of a request for return of the Confidential Material following the termination of this action, including all appeals, all Confidential Material supplied by any Producing Party, and any copies thereof, shall be returned to the Producing Party.

SO ORDERED this 15th day of April, 2014.

　　　　　　　　　　　　　　　　　　　　　　s/Craig B. Shaffer
　　　　　　　　　　　　　　　　　　　　　　U.S.Magistrate Judge

| | |
|---|---|
| __/s/ Don J. Foty_____ | __/s/ Ryan A. Glasgow_____ |
| Galvin B. Kennedy | Christine A. Samsel, #42114 |
| Don J. Foty | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
| KENNEDY HODGES, LLP | 410 Seventeenth Street, Suite 2200 |
| 711 W. Alabama Street | Denver, Colorado 80202 |
| Houston, Texas 77006 | Telephone: (303) 223-1100 |
| Telephone: (713) 523-0001 | Facsimile: (303) 223-1111 |
| Facsimile: (713) 523-1116 | Email: csamsel@bhfs.com |
| Email: dfoty@kennedyhodges.com | |

*Attorneys for Plaintiffs*

Juan C. Enjamio
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-1511
Facsimile: (305) 810-1613
Email: jenjamio@hunton.com

Ryan A. Glasgow
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8791
Facsimile: (804) 343-4897
Email: rglasgow@hunton.com

*Attorneys for Defendants*